# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JASMINE MONTGOMERY | § | |
| | § | |
| v. | § | Case No. 4:10-CV-73 |
| | § | Judge Schneider/Judge Mazzant |
| UNIVERSITY OF NORTH TEXAS, ET. AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion to Dismiss[1] (Dkt. #36). Having considered the relevant pleadings, the Court recommends the motion be granted in part and denied in part.

## I. BACKGROUND AND PROCEDURAL HISTORY

According to Plaintiff, on February 28, 2008, she was the passenger in an automobile driven by her friend, when the vehicle was pulled over by Officer John Barcelo ("Barcelo"), a police officer employed by the University of North, Texas ("UNT"). Second Amended Complaint (Dkt. #28) at 3. Officer R. Oliver Olivarez ("Olivarez"), a police officer employed by UNT, arrived to assist Barcelo. *Id.* Barcelo arrested the driver of the vehicle for driving while intoxicated and transported the driver to jail. *Id.*

Officer Jeremy Polk ("Polk"), a police officer employed by UNT, arrived at the location. *Id.* at 4. When Polk arrived he was transporting, in the back of his vehicle, a male that was being held for an unrelated incident. *Id.* According to Polk's incident report, Plaintiff was standing in the street, appeared to be extremely intoxicated, had trouble maintaining her balance, slurred her speech, and was very upset while being questioned. *Id.* Plaintiff alleges that she only left the vehicle when instructed to by an unidentified officer, and that she was attempting to call a friend for a ride home.

---

[1] The motion is asserted on behalf of Defendants John Barcelo, Chris Deaton, Richard Deter, Ricky Olivarez, Jeremy Polk, Ed Rollins, and Christopher Turner. *See* Motion (Dkt. #36) at 1.

*Id*.  Plaintiff argues recordings of the incident made by UNT police show Plaintiff did not stumble or struggle to stand, she did not slur her speech, and that she explained to Polk that a friend would pick her up.  *Id*.

Plaintiff alleges she was "falsely or in the alternative negligently" arrested by Polk for public intoxication.  *Id*. at 5.  Further, Plaintiff alleges Polk grabbed her by the arm and slammed her face first onto the hood of Polk's vehicle, chipping her front tooth.  *Id*.  Plaintiff alleges that the "five minutes of the arrest" is missing from the recording taken by the UNT police.  *Id*.

After Plaintiff was placed under arrest, she was placed in the back of Polk's vehicle, where a male arrested in a separate incident was being held.  *Id*.  Plaintiff alleges the male arrestee subjected Plaintiff to inappropriate language and comments and touched Plaintiff on her shoulder without her consent.  *Id*. at 6.

Plaintiff alleges eight days after her arrest she was again arrested at her apartment for the same charges.  *Id*.

Plaintiff filed a complaint with the UNT police department.  *Id*.  Captain Jim Coffey ("Coffey") of the UNT police department investigated the complaint.  *Id*.  Plaintiff disagrees with Coffey's findings that the officers acted appropriately.  *Id*.

Plaintiff alleges that the following UNT police officers allowed Polk to falsely arrest Plaintiff and use excessive force: Police Chief Richard Deter ("Deter"), Officer Chris Deaton ("Deaton"), Officer Christopher Turner ("Turner"), Olivares, Officer Ed Rollins ("Rollins"), Officer Jim Geoffrey ("Geoffrey"), Officer Lee F. Jackson ("Jackson").  *Id*.

Plaintiff alleges that due to Defendants' "actions and inactions" she was subjected to an "unfair and unjust" disciplinary hearing by the UNT Center for Student Rights and Responsibility.

2

*Id*.

Plaintiff alleges that Gretchen Bataille ("Bataille"), President of UNT, and Chief Deter, are liable to Plaintiff for a failure to train and/or supervise their employees, which caused harm to Plaintiff.  *Id*. at 6-7.

On January 20, 2010, Plaintiff filed suit in the 367th District Court of Denton County, Texas. On February 22, 2010, Defendants removed the case to this Court.  *See* Notice of Removal (Dkt. #1). On March 4, 2010, Defendants filed a Motion for Rule 7(a) Reply (Dkt. #7).  Plaintiff filed a Response to the Rule 7(a) Motion (Dkt. #26).  On August 31, 2010, Plaintiff filed her Second Amended Complaint (Dkt. #28).

On March 16, 2011, Defendants filed Defendants' Motion to Dismiss (Dkt. #36).  On April 14, 2011, the Court ordered Plaintiff to file a response.  *See* Order (Dkt. #37).  On May 12, 2011, Plaintiff filed a Response (Dkt. #42) to the motion to dismiss.

Plaintiff alleges causes of action for violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, assault, negligence, gross negligence, and breach of contract.  *See* Second Amended Complaint (Dkt. #28).

## II.  STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008).

In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The Supreme Court recently expounded

upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. At 1950.

## III. ANALYSIS

Defendants argue this case should be dismissed for the following reasons: (1) The Eleventh Amendment bars claims against Defendants in their official capacities; (2) Defendants are entitled to qualified immunity; (3) Plaintiff fails to state a claim under 42 U.S.C. §§ 1985 and 1986; (4) Sovereign immunity bars Plaintiff's state-law claims against Defendants in their official capacity; (5) Plaintiff fails to overcome Defendants' entitlement to official immunity; and (6) Plaintiff failed

4

to properly serve several of the Defendants.  The Court will turn to each of Defendants' arguments in turn.

## A.  Eleventh Amendment Immunity

Defendants argue that all times relevant to this lawsuit they were employees of UNT, an agency of the State of Texas, therefore, the Eleventh Amendment bars Plaintiff's claims for money damages against Defendants in their official capacity.  Motion (Dkt. #36) at 4.  Further, Defendants argue Plaintiff's claims concern only past conduct; she does not allege a continuing violation or a likelihood she will be falsely arrested or subjected to excessive force in the future, therefore the Eleventh Amendment bars any injunctive relief requested because such relief would be based upon retrospective, not prospective, conduct.  *Id*.

The Eleventh Amendment of the United States Constitution "is a jurisdictional bar to federal court suit by private citizens against a state ... regardless of the type of relief sought."  *Mohler v. State of Miss.*, 782 F.2d 1291, 1293 (5th Cir.1986) (internal citations omitted).  It applies both to suits brought by a state's own citizens, as well as those brought by citizens of other states.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).  Eleventh Amendment immunity is not absolute: a state may consent to suit or Congress may, in certain instances, abrogate the states' Eleventh Amendment immunity.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) (internal citations omitted).  However, "absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct*, 506 U.S. at 144 (internal quotations omitted).  Thus, to the extent Plaintiff asserts claims against Defendants for acting in their official capacity as employees of UNT, those claims are barred by the Eleventh Amendment unless an

exception applies.[2]

An exception to Eleventh Amendment immunity, under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies if a suit alleging violations of federal law is "brought against individual persons in their official capacities as agents of the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir.1998). The *Young* exception applies only where there is an "allegation of an ongoing violation of federal law where the requested relief is prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997).

The Court agrees with Defendants that Plaintiff seeks to enjoin "retrospective, not prospective, conduct." Motion (Dkt. #36) at 4. Plaintiff seeks "an injunction removing [ ] derogatory information published about the Plaintiff in various publications, and other sources." Second Amended Complaint at 1-2. All of Plaintiff's allegations concern past actions of UNT and the UNT police department. She does not allege a continuing violation of her constitutional rights and she does not assert that her rights are likely to be infringed in the future. As Plaintiff's claims do not allege an ongoing violation of federal law, the *Young* exception does not apply. Therefore, the Court finds that Defendants have immunity under the Eleventh Amendment for Plaintiff's official capacity claims.[3]

---

[2] The parties do not dispute that UNT, including its police force, is a state agency. *See Liu v. Jackson*, No. 4:09-CV-415, 2010 WL 342251, at *3-4 (N.D. Tex. Jan. 29, 2010) (holding UNT is a state agency and claims against "University Defendants" barred by Eleventh Amendment immunity). Further, Plaintiff has neither alleged nor directed the Court to any authority holding that the State of Texas has waived immunity.

[3] Although this issue was not raised by the parties, the Court also notes that according to "long and clearly established Supreme Court precedent ... neither a State nor its officials acting in their official capacities are 'persons' under § 1983," and thus neither a State nor its officials are amenable to suit under §§ 1983, 1985, or 1986. *Fairley v. Stalder*, 294 F. App'x 805, 808-09 (5th Cir.2008); *Bryant v. Military Dept. of State of Miss.*, 381 F.Supp.2d 586, 592 (S.D.Miss.2005) (holding that "claims under §§ 1983, 1985 and 1986 are barred for the further reason that these

## B.  Qualified Immunity

Defendants argue that Plaintiff's claims are barred because Defendants possess qualified immunity for the following reasons: (1) Plaintiff fails to satisfy the heightened pleading standard for claims against government officials because Plaintiff does not demonstrate Defendants' personal involvement in the alleged misconduct; (2) Plaintiff fails to state a Fourth Amendment claim against Polk; (3) Plaintiff fails to state an Eighth Amendment claim against Polk; (4) Plaintiff's claims are barred by *Heck v. Humphrey*; (5) Plaintiff fails to state a claim under Sections 1985 and 1986.  *See* Motion (Dkt. #36).

While a Section 1983 claimant may not maintain an action against a state official in his official capacity, he may have a cause of action against a state official acting in his capacity as an individual.  *See Harrison v. Texas Dept. of Criminal Justice–Institutional Div.*, 915 S.W.2d 882, 889 (Tex.App.– Houston [1st Dist.] 1995, no pet.).  However, when a Section 1983 claim is alleged against a defendant in his individual capacity, it is subject to the affirmative defense of qualified immunity.  Under the doctrine of qualified immunity, an official sued in his individual capacity is protected not only from liability, but also from having to stand trial.  *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir.1993).

When determining whether a defendant is entitled to qualified immunity, the courts have historically engaged in a two-pronged analysis.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151,

---

statutes create rights solely against 'persons' and a state is not considered a 'person' under these statutes").  Thus, Plaintiff's official capacity claims under §§ 1983, 1985, and 1986 fail for this reason as well as for the reasons discussed above.

150 L.Ed.2d 272 (2001).   Under *Saucier*, a court would first have to determine whether a "constitutional right would have been violated on the facts alleged." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir.2004).  If a constitutional right was violated, a court would then have to move on to determine whether "the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*.  The law may be deemed to be clearly established if a reasonable official would understand that his conduct violates the asserted right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). However, the Supreme Court recently receded from *Saucier* by instructing courts "to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

### 1) Plaintiff's failure to allege personal involvement of each Defendant

Defendants argue that in support of her Section 1983 claim, Plaintiff only alleges the personal involvement of Polk and makes no allegations supporting a Section 1983 claim against the other officers.  Motion (Dkt. #36) at 6-7.  Plaintiff does not appear to respond to Defendants' argument in her briefing.  *See* Response (Dkt. #42) at 7-8 (discussing Section 1983 claims).  The only reference to Defendants, other than Polk, in reference to the Section 1983 claims, is "Defendants are liable to Plaintiff; pursuant to 42 U.S.C. S1983, for directly using objectively unreasonable force against Plaintiff."  Second Amended Complaint at 7.

The Court agrees with Defendants.  "As a prerequisite [to Section 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'"  *Roberts v. City of*

*Shreveport*, 397 F.3d 287, 292 (5th Cir.2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir.1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983) ( "Personal involvement is an essential element of a civil rights cause of action."); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.1983) (same).  Defendants argue, and the Court agrees, Plaintiff fails to state how each of the Defendants, other than Polk, personally participated in the arrest or alleged use of force against Plaintiff.  In fact, the complaint does not clearly state which of the Defendants, other than Polk, Plaintiff is attempting to sue for a Section 1983 violation.  As Plaintiff's claims are entirely unclear, the Court finds that Plaintiff has failed to properly allege a Section 1983 action against Defendants other than Polk.  Therefore, the Court finds qualified immunity applies to all Defendants, other than Polk, and the Section 1983 claim will be dismissed as to those Defendants.

### 2) Fourth Amendment Claim for False Arrest - Polk

Defendants argue Plaintiff fails to state a claim for violation of her Fourth Amendment rights due to false arrest because "Defendant Polk's actions were supported by probable cause."  Motion (Dkt. #36) at 7-8.  Defendants further argue that Plaintiff admitted Polk had probable cause to arrest Plaintiff because Plaintiff pleaded guilty to resisting arrest, which nullifies her false arrest claim. *Id*.

"Under the Fourth Amendment, an arrest is reasonable if supported by probable cause." *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 625 (5th Cir.2006) (citing *Atwater v. City of Lago Vista*, 195 F.3d 242, 244 (5th Cir.1999) (en banc)).  Courts "define probable cause as 'reasonable ground for belief ... supported by less than prima facie proof but more than mere suspicion.'" *Id.* (quoting *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980)).  "When probable cause exists to believe that a suspect is committing an offense, the government's interests

in enforcing its laws outweigh the suspect's privacy interests, and an arrest of the suspect is reasonable." *Atwater*, 195 F.3d at 244.

The Court finds that Plaintiff alleges facts that are consistent with a conclusion that she was arrested without probable cause. According to Plaintiff, she remained in the vehicle and attempted to call a friend for a ride home after the UNT police arrested the driver of the vehicle for DWI. *See* Second Amended Complaint (Dkt. #28) at 3-5. Plaintiff alleges she did not leave the vehicle until instructed to do so by the officers and exhibited no signs of being intoxicated before or after she left the vehicle. *Id*. Viewing the allegations in the light most favorable to the Plaintiff, the Court finds that probable cause did not exist to arrest Plaintiff for public intoxication, which violated her rights under the Fourth Amendment.[4] Further, taking Plaintiff's allegations as true, a reasonable law enforcement officer would understand that arresting Plaintiff for public intoxication under the facts alleged violates the Fourth Amendment. Therefore, at the motion to dismiss stage, the Court finds that qualified immunity does not bar Plaintiff's false arrest claim.

### 3) Eighth Amendment Claim for Use of Excessive Force - Polk

Defendants argue Plaintiff's claim against Defendant Polk for use of excessive force should be dismissed because Polk's actions were reasonable in light of Plaintiff resisting arrest.[5] *See* Motion (Dkt. #36) at 8-9. According to Plaintiff, she was entirely cooperative with all requests made by the officers and did not resist arrest in any way, but Polk slammed her body against the hood of

---

[4] The Court declines to consider information regarding a Plaintiff's guilty plea at this time. Such evidence is more properly considered in deciding a motion for summary judgment. Further, Defendants provide the Court with no authority stating that pleading guilty to resisting arrest would bar a claim for false arrest or use of excessive force. Had Plaintiff pleaded guilty to public intoxication, a Section 1983 claim for false arrest on the public intoxication charge would likely be barred. That is not what Defendants argue here.

[5] *See* FN 4.

a car, which chipped her tooth.  *See* Second Amended Complaint (Dkt. #28) at 5.

To establish a claim of excessive force against Polk, Plaintiff must demonstrate: "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (citations omitted).  "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Id*. at 167 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  "The relevant question is whether, taking [Plaintiff's] version of the facts as true, the force used by [Defendant] was both excessive to the need and objectively unreasonable." *Autin v. City of Baytown*, 174 F. App'x 183, 185 (5th Cir. 2005).

The Court finds that Plaintiff has alleged sufficient facts in support of her use of excessive force claim.  Plaintiff alleges her tooth was chipped as a result of Polk slamming her face first into a car hood despite no resistance to arrest on the part of Plaintiff.  Taking the facts alleged by Plaintiff as true, the Court finds the force used by Polk was clearly excessive and unreasonable and resulted in Plaintiff suffering an injury.  Therefore, Plaintiff has alleged sufficient facts to support her use-of-excessive-force claim, and qualified immunity does not bar the claim at the motion to dismiss stage as a reasonable officer under these circumstances would consider the force used excessive.

### 4) *Heck v. Humphrey*

Defendants argue that because Plaintiff pleaded guilty to resisting arrest, Plaintiff's Section 1983 claims for false arrest and use of excessive force are not cognizable under the doctrine discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Motion (Dkt. #36) at 9.  Plaintiff argues her Section 1983 claims are based upon false arrest for public intoxication and use of excessive force

and are not barred by a resisting arrest conviction.  *See* Response (Dkt. #42) at 14-15.

      *Heck* involved a lawsuit filed pursuant to Section 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid.  *See Heck*, 512 U.S. at 487. As a result, when damages are sought in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence.  *Id*.  If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id*.  If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the conviction or sentence, the action should be allowed to proceed, in the absence of any other bar to the suit.  *Id*.

      As a preliminary matter, the Court finds evidence that Plaintiff pleaded guilty to a resisting arrest charge to not be appropriate evidence at this stage of the litigation as it is not mentioned or discussed in any way in the complaint.  However, even if such evidence were appropriate, the rule discussed in *Heck* would not bar Plaintiff's claims here.  Plaintiff's success on her claims for false arrest and use of excessive force would not necessarily imply the invalidity of her conviction for resisting arrest.  Just because an arrestee resists arrest does not allow an officer to use excessive force.  A fact-intensive analysis of the circumstances is required.  Based upon the foregoing, the Court finds the rule discussed in *Heck* does not bar Plaintiff's claims.[6]

     *5) Section 1985 and 1986 Claims*

      Plaintiff alleges Defendants violated 42 U.S.C. §§ 1985(3) and 1986.  *See* Complaint (Dkt. #28) at 9-11.  While difficult to understand, the Court interprets the allegations to be for an alleged

---

[6] The Court already held above that Plaintiff's Section 1983 claims for false arrest and use of excessive force are not barred by qualified immunity at this time.

conspiracy among the Defendants.  Defendants argue Plaintiff's claims under Section 1985 and Section 1986 should be dismissed because Plaintiff offers no specific facts alleging that a conspiracy existed.  *See* Motion (Dkt. 36) at 9-11.

The Court agrees with Defendants.  Plaintiff makes conclusory statements and conclusions of law regarding an alleged conspiracy that, even taking the facts in the light most favorable to the Plaintiff, allow the Court to conclude that an alleged conspiracy existed or would even allow the Court to infer that a conspiracy existed based upon the entire collection of facts.  Also, the Fifth Circuit requires some racial, or otherwise class-based discriminatory animus to state a claim under Section 1985(3).  *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 1049 (1983); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir.2001).  In *Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 757 (5th Cir.1987), the Fifth Circuit held: "it is well established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus."  Here, Plaintiff has alleged no racial bias, therefore her Section 1985(3) claim must be dismissed.

The Court also agrees with Defendants as to the Section 1986 claim.  This statute provides a cause of action for neglecting to prevent the interference with civil rights under Section 1985.  *See* 42 U.S.C. § 1986.  As discussed above, Plaintiff fails to allege a plausible claim under Section 1985(3); therefore, her claim under Section 1986 is also not plausible.  Further, Plaintiff's allegations in support of her Section 1986 claim are legal conclusions couched as fact.

Based upon the foregoing, the Court finds Plaintiff's claims under Section 1985(3) and Section 1986 should be dismissed.  As the claims under Sections 1985(3) and 1986 are not plausible, the Court need not determine whether these claims would be barred by qualified immunity.

## C.  Sovereign Immunity

Defendants argue that all of Plaintiff's state-law claims against Defendants in their official capacities should be dismissed as Defendants are protected by the doctrine of sovereign immunity. Motion (Dkt. #36) at 11.  Plaintiff does not appear to respond to the sovereign immunity arguments made by Defendants.  While Plaintiff's tort allegations are not entirely clear, she does allege claims for negligence and gross negligence, which appear to be based upon a duty to stop Defendant Polk from falsely arresting Plaintiff and using excessive force.  *See* Second Amended Complaint (Dkt. #28) at 11-14.  Plaintiff also appears to allege a claim for negligent failure to train and/or supervise. *Id*.  Further, while not discussed in the context of her tort claims, Plaintiff appears to allege that Polk's conduct towards Plaintiff is grounds for an assault claim.

The Court agrees with Defendants.  The Texas Tort Claims Act ("TTCA") "creates a limited waiver of sovereign immunity."  *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) (quoting *Johnson v. Waters*, 317 F.Supp.2d 726, 738 (E.D.Tex.2004)).  Under the TTCA, "[a] governmental unit in the state is liable for: ... personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code § 101.021(2).  The TTCA does not, however, include individuals under its definition of a governmental unit. *Id*. Individuals may not be sued under the TTCA as the act "does not govern suits brought directly against an employee of the State." *Goodman*, 571 F.3d at 394 (quoting *Huntsberry v. Lynaugh*, 807 S.W.2d 16, 17 (Tex.App.-Tyler 1991, no writ)).

Furthermore, the TTCA does not apply to claims arising out of an intentional tort. Tex. Civ. Prac. & Rem.Code § 101.057(2); *Goodman*, 571 F.3d at 394.  "Also excluded from the TTCA are

allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee." *Goodman*, 571 F.3d at 394 (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.2001)).  "The TTCA is also not the appropriate vehicle for claims of negligent failure to train or supervise."  *Id*.  "Such claims are not within the purview of the TTCA because a plaintiff must allege an injury resulting from the condition or use of tangible personal or real property and information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualitites [sic]."  *Goodman*, 571 F.3d at 394 (citing *Petta*, 44 S.W.2d at 580).

Based upon the foregoing, the Court concludes that Plaintiff's state-law claims against Defendants should be dismissed, as suits against individual state employees are not cognizable under the TTCA, failure to train or supervise is not a proper cause of action under the TTCA, and intentional tort claims are not cognizable under the TTCA.

**D.  Official Immunity**

Defendants argue they have official immunity to any state-law claims made by Plaintiff and argue Plaintiff bases her claims on conclusory statements.  Motion (Dkt. #36) at 11-12.  Plaintiff does not appear to respond to Defendants' official immunity argument.

The Court agrees with Defendants that official immunity applies with regard to all Defendants except Polk.  Under Texas law, entitlement to official immunity requires Defendants to prove they were: (1) performing a discretionary duty, (2) in good faith, and (3) acting within the scope of their authority.  *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).  "Texas law of official immunity is substantially the same as federal qualified immunity law."  *Wren v. Towe*, 130 F.3d 1154, 1160 (5th Cir.1997).  As discussed above with regard to qualified immunity and

15

sovereign immunity, Plaintiff fails to allege sufficient facts to maintain a cause of action against Defendants, except Polk, under Sections 1983, 1985, 1986 and state law.  Therefore, as the Court has determined that Defendants, other than Polk, are entitled to qualified immunity, it follows they are entitled to immunity under Texas law.

However, the Court does not agree with regard to Defendant Polk.  As outlined in the section on qualified immunity, the Court has found that Polk's arrest of Plaintiff and use of force was not reasonable based upon the allegations in Plaintiff's complaint.  The same fact allegations must be considered in deciding a state-law claim of assault.  Polk's actions were discretionary and he was acting within the scope of his authority, but the facts alleged by Plaintiff demonstrate that he did not act in good faith in arresting Plaintiff and using excessive force. As all elements of the official immunity defense  have not been established as a matter of law, the state-law claims against Polk should not be dismissed at this stage of the litigation.  *Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002).

## E.  Service of Process

Defendants argue that Defendants Bataille, Coffey, Geoffrey, and Jackson were never properly served and should be dismissed from the case.  Motion (Dkt. #36) at 1 n. 1.  Plaintiff does not respond to the service of process argument.

The Court agrees with Defendants.  The requirements of Rule 4(m) of the Federal Rules of Civil Procedure provide that if service upon a defendant has not been made within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."  F ed. R. Civ. P. 4(m).

16

Plaintiff filed her original complaint on January 20, 2010, in state court and Defendants removed the case to this Court on February 22, 2010.  Defendants Bataille, Geoffrey, and Jackson were named in Plaintiff's original complaint filed in state court and in the Complaint (Dkt. #3) filed in this Court.  *See* Notice of Removal (Dkt. #1) Ex. B; Original Complaint (Dkt. #3).  Defendant Coffey was added to the case with the filing of Plaintiff's Second Amended Complaint (Dkt. #28) on August 31, 2010.  There is no evidence in the record that Plaintiff ever served Defendants Bataille, Coffey, Geoffrey, or Jackson.  The 120-day time period for service has clearly passed and Plaintiff does not dispute Defendants' argument that these four Defendants were never served. Therefore, the Court finds all causes of action against Defendants Bataille, Coffey, Geoffrey, and Jackson should be dismissed without prejudice due to a lack of service of process.

## IV.  CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court recommends Defendants' Motion to Dismiss (Dkt. #36) be **GRANTED** in part and **DENIED** in part.

The Court makes the following findings:

- All causes of action against Defendants Bataille, Coffey, Geoffrey, and Jackson should be dismissed due to insufficient service of process.

- All federal claims against all Defendants in their official capacity are barred under the Eleventh Amendment.

- Claims under Section 1983 against all Defendants in their individual capacity, except Defendant Polk, should be dismissed.

- Claims under Sections 1985 and 1986 should be dismissed against all Defendants.

- State-law claims against all Defendants in their individual capacity should be

17

dismissed under the doctrine of Sovereign Immunity.

- State-law claims against all Defendants in their official capacity, except Polk, are barred under the doctrine of Official Immunity.

The following causes of action remain:

- Section 1983 claims for false arrest and use of excessive force against Defendant Polk in his individual capacity.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of June, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE