# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASMINE MONTGOMERY | § | |
| | § | |
| v. | § | Case No. 4:10-CV-73 |
| | § | Judge Schneider/Judge Mazzant |
| UNIVERSITY OF NORTH TEXAS, ET. AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 14, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss[1] (Dkt. #36) should be granted in part and denied in part.

The Court, having made a *de novo* review of Plaintiff (sic) Amended Motion for Reconsideration on the Judges (sic) Report and Recommendation (Dkt. #53), is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (Dkt. #36) is **GRANTED** in part and **DENIED** in part.

The Court makes the following findings:

- All causes of action against Defendants Bataille, Coffey, Geoffrey, and Jackson are

---

[1] The motion is asserted on behalf of Defendants John Barcelo, Chris Deaton, Richard Deter, Ricky Olivarez, Jeremy Polk, Ed Rollins, and Christopher Turner. *See* Motion (Dkt. #36) at 1.

dismissed due to insufficient service of process.

- All federal claims against all Defendants in their official capacity are barred under the Eleventh Amendment.

- Claims under Section 1983 against all Defendants in their individual capacity, except Defendant Polk, are dismissed.

- Claims under Sections 1985 and 1986 are dismissed against all Defendants.

- State-law claims against all Defendants in their individual capacity are dismissed under the doctrine of Sovereign Immunity.

- State-law claims against all Defendants in their official capacity, except Polk, are barred under the doctrine of Official Immunity.

The following causes of action remain:

- Section 1983 claims for false arrest and use of excessive force and state law claims against Defendant Polk in his individual capacity.

    **It is SO ORDERED.**

    **SIGNED this 12th day of July, 2011.**

_/s/ Michael H. Schneider_
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE